IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-112 |
| | ) | |
| SHERIFF EUGENE BRANTLEY; | ) | |
| CAPTAIN DANIELS; CAPTAIN | ) | |
| HARRELL; LIEUTENANT JENKINS; | ) | |
| SERGEANT SEYMORE; LIEUTENANT | ) | |
| COWELL; CORPORAL KUNTZ; | ) | |
| CORPORAL GIST; CORPORAL ELLISON; | ) | |
| DEPUTY PRESCOTT; DEPUTY THOMAS; | ) | |
| DEPUTY GOBEE; DEPUTY KING; | ) | |
| DEPUTY LEE; DEPUTY BRINSON; | ) | |
| DEPUTY BLASTINGGAME; DEPUTY | ) | |
| MCDANIELS; DEPUTY GILMORE; | ) | |
| DEPUTY STEPHENS; DEPUTY SEARS; | ) | |
| DEPUTY DAGGETT; DEPUTY GRAHAM; | ) | |
| INVESTIGATOR GRAHAM; | ) | |
| INVESTIGATOR BROWN; DEPUTY | ) | |
| PERISH; DEPUTY CARLEE; DEPUTY | ) | |
| TRAVIS; DEPUTY SERINOID; DEPUTY | ) | |
| BUSBY; and DEPUTY BURTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

In an order dated July 21, 2025, the Court identified several pleading deficiencies, directed Plaintiff to submit an amended complaint within fourteen days, and provided instructions regarding amending the complaint. (See doc. no. 10.) The Court also provided Plaintiff the standard complaint form and cautioned Plaintiff that failing to timely submit an amended complaint would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (See id. at 7.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's July 21st Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's prior Order. Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint as instructed, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).